```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
IN RE:
RONALD WILLIAM DEMASI and
SUSAN J. DEMASI

                    Debtors.
_____/

RAVI    KONDAPALLI,    M.D.,
Individually and RAVI KONDAPALLI,
M.D., by and on behalf of GULF
COAST  DIGESTIVE  HEALTH  CENTER,
PL,
                    Plaintiffs,
v.                                Case No.  8:14-cv-2228-T-33
                                   Bankr. No.  8:13-bk-8406-MGW
                                   Adversary No. 8:13-ap-889-MGW
RONALD WILLIAM DEMASI and
SUSAN J. DEMASI,
                    Defendants.
_____/
```

**ORDER**

This matter comes before the Court pursuant to Plaintiff Ravi Kondapalli, M.D., individually, and Plaintiff Ravi Kondapalli, M.D., by and on behalf of Gulf Coast Digestive Health Center, PL's Motion for Leave to Appeal. (Doc. # 3). Kondapalli's Motion was initially filed in the Bankruptcy Court on August 6, 2014. The Motion was transmitted to this Court on September 8, 2014.  On October 1, 2014, Defendant Ronald William DeMasi filed a Response to Plaintiffs' Motion for Leave to Appeal. (Doc. # 7). For the reasons set forth below, the Court stays, administratively closes, and otherwise holds the matter in abeyance for 60 days.

## I.  Background

### A.  Gulf Coast Digestive State Court Action

This action takes root in the Amended Final Judgment of the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, entered on December 7, 2012. (Doc. # 1-2 at 14-55).  According to the State Court Judgment, Ronald DeMasi (a physician and member of Gulf Coast Digestive Health Center, P.L. (hereafter, "Gulf Coast Digestive" or "GCDH")) persuaded Gulf Coast Digestive to enter into a management agreement with Surgical Synergies, Inc. in which Surgical Synergies would furnish billing services for Gulf Coast Digestive.  At that time, DeMasi was allegedly aware of serious performance issues with Surgical Synergies (including unfavorable outside audits) but DeMasi did not share this information with the other members of Gulf Coast Digestive. Rather, DeMasi incorrectly stated that Surgical Synergies was doing a good job. The State Court found DeMasi had an undisclosed financial interest in a subsidiary of Surgical Synergies. The State Court concluded that DeMasi's undisclosed relationship with a subsidiary of Surgical Synergies led DeMasi to thwart Gulf Coast Digestive's efforts to terminate its management agreement with Surgical Synergies after Gulf Coast Digestive discovered billing discrepancies.  In

particular, the State Court found that DeMasi misrepresented to the other members of Gulf Coast Digestive that Surgical Synergies threatened to sue Gulf Coast Digestive if it terminated the management agreement with Surgical Synergies. The State Court ultimately concluded that DeMasi's undisclosed interest in Surgical Synergies's subsidiary and DeMasi's misrepresentations caused Gulf Coast Digestive to incur damages.

    The State Court entered a final judgment in favor of Gulf Coast Digestive on its claims for breach of the duty of loyalty under Chapter 608 of the Florida Statutes, breach of the duty of care under Chapter 608 of the Florida Statutes, breach of the duty of good faith under Chapter 608 of the Florida Statutes, breach of Gulf Coast Digestive's operating agreement, and fraud. The State Court initially awarded $411,428.93 in damages to GCD. However, since the damages were for the benefit of Gulf Coast Digestive, and DeMasi and Kondapalli were the only two shareholders of Gulf Coast Digestive, the State Court reduced the damages by one half – $205,714.47. The State Court did not apportion damages between the individual causes of action. On June 18, 2012, Kondapalli, individually and by and on behalf of Gulf Coast Digestive, filed a motion for attorney's fees and costs in

State Court pursuant to the terms of Gulf Coast Digestive's Operating Agreement and § 608.601(6) of the Florida Statutes.

### B.   The DeMasi Bankruptcy Case and Adversary Proceeding

As a result of the State Court Judgment, among other reasons, DeMasi and his spouse filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on June 26, 2013. (Case No. 8:13-bk-8406-MGW). Thereafter, on September 9, 2013, Kondapalli, individually, filed a proof of claim which asserts an unsecured claim (Claim 10) against the Bankruptcy Estate in the amount of $379,586.12.  DeMasi presumes the proof of claim is for attorney's fees incurred in the Gulf Coast Digestive State Court Action. (Doc. # 7 at 4).

On September 30, 2013, Kondapalli initiated an adversary proceeding against DeMasi by filing a Complaint to Determine Non-Dischargeability of Debtor Ronald DeMasi pursuant to 11 U.S.C. § 523(a)(2), (4) and (6). (Adv. No. 8:13-ap-889-MGW). Kondapalli asserted that the following claims were nondischargeable in bankruptcy:

> Kondapalli, by and on behalf of GCDH, holds a liquidated claim for damages against the estate in the amount of $205,714.47, and an unliquidated claim for damages against the estate in at least the amount of $361,698.77, plus prejudgment interest. Kondapalli, individually and by and on behalf of GCDH holds an unliquidated claim against the estate for attorney's fees and costs.

(Doc. # 3 at 3).

On November 4, 2013, DeMasi filed a Motion to Dismiss the Adversary Proceeding, asserting, among other things, that any attorney's fees claimed by Kondapalli were discharagable in bankruptcy. On December 2, 2013, the Bankruptcy Court conducted a hearing on the Motion to Dismiss. On June 20, 2014, the Bankruptcy Court entered an Order dismissing the nondischargeability action to the extent it is based on the claim of Kondapalli, individually and by and on behalf of Gulf Coast Digestive, for attorney's fees and costs. The Bankruptcy Court also determined that Kondapalli failed to state a claim under Sections 523(a)(4) and (6) of the Bankruptcy Code and dismissed those counts of the Adversary Complaint in their entirety. According to Kondapalli, "the Order had the effect of denying Kondapalli's <u>entire</u> individual claim." (Doc. # 3 at 3) (emphasis in original). On June 27, 2014, Kondapalli filed a Motion for Rehearing. At a hearing held on July 7, 2014, the Bankruptcy Court denied the Motion for Rehearing.

Thereafter, on August 6, 2014, Kondapalli filed a Motion for Leave to File an Interlocutory Appeal. (<u>See</u> Doc. # 3). He frames the issues as (1) "whether a member's claim for attorney's fees incurred as a result of prosecuting a member's derivative action under Section 608.601, Florida Statutes, may

be nondischargeable under 11 U.S.C. § 523(a)(2)(A) where the derivative action arises out of fraud by the debtor" and (2) "whether a member's or limited liability company's claim for attorney's fees awardable as a prevailing party pursuant to the terms of the company's operating agreement may be nondischargeable under 11 U.S.C. § 523(a)(2)(A) when the breach of the operating agreement is by acts of fraud by the debtor." (Id. at 4).  Kondapalli seeks an Order from this Court "(1) to reverse the bankruptcy court's Order on Defendant's Motion to Dismiss to the extent it dismisses Kondapalli's complaint to determine the nondischargeablity of Kondapalli's claim for attorney's fees and costs incurred in the GCDH Litigation; and (2) hold as a matter of law that the claims, if proved, are not dischargeable." (Id.).

## II.  **Interlocutory Appeals from the Bankruptcy Court**

A district court has jurisdiction to consider interlocutory appeals from the orders of a bankruptcy court if the district court grants leave. 28 U.S.C. § 158(a)(3). Because the statute does not provide criteria for determining whether a district court should exercise its discretionary authority to grant leave, courts look to 28 U.S.C. § 1292(b), which governs discretionary interlocutory appeals from the

district courts to the courts of appeals. <u>In re The Charter Co.</u>, 778 F.2d 617, 620 n. 5 (11th Cir. 1985).

The pertinent factors under 28 U.S.C. § 1292(b) are whether the order involves a controlling question of law as to which there is substantial ground for difference of opinion and whether an immediate appeal from the order may materially advance the ultimate termination of the litigation. <u>McFarlin v. Conseco Servs.</u>, 381 F. 3d 1251, 1264 (11th Cir. 2004). However, even when these factors are present, whether to grant or deny leave to appeal is within the sound discretion of the district court, and leave should be granted only in exceptional circumstances. <u>Id.</u>

### III. **Analysis**

DeMasi contends that resolution of an interlocutory appeal at this time will not materially advance the ultimate termination of the litigation. Among other arguments, DeMasi explains that cross-motions for summary judgment are presently pending in the Adversary Proceeding with respect to the sole remaining count of the Adversary Proceeding under Section 523(a)(2) of the Bankruptcy Code. The Bankruptcy Court has scheduled oral argument on the cross motions for summary judgment for October 16, 2014. DeMasi indicates:

> There is a reasonable likelihood that to the extent the Bankruptcy Court grants summary judgment in favor of one party based on the collateral estoppel effects of the GCDH Final Judgment (or otherwise) that the losing party will appeal the summary judgment order. Assuming the losing party took an appeal of any summary judgment order, the appeal would likely be consolidated with the appeal of the Dismissal Order's determination that Kondapalli's Attorney Fee Claim is dischargeable.

(Doc. # 7 at 6).

In addition, DeMasi informs the Court that the State Court's Final Judgment is on appeal at the Second District Court of Appeal. According to DeMasi, oral argument was conducted on September 30, 2014, and a decision will likely be issued in the next two to eight weeks. (Id. at 3).

DeMasi suggests that "an interlocutory appeal may be proper after the Second DCA issues a decision and the Bankruptcy Court disposes of the summary judgment motions, but . . . the [present] request for an interlocutory appeal is premature." (Id.). Rather than the denial of the Motion for Leave to Appeal, DeMasi suggests that the Motion be abated for 60 days. The Court tends to agree with DeMasi that a temporary abatement of this action is appropriate in light of recent developments in the Florida appellate court and scheduled oral argument on related motions for cross summary judgment in the Adversary Proceeding. The Court accordingly

stays and administratively closes this matter for a period of 60 days, until and including December 15, 2014. The parties are directed to file a status report on December 15, 2014, advising the Court as to the resolution of the Florida appellate proceedings and the disposition of the cross motions for summary judgment in the Adversary Proceeding. Unless the parties report that a further abatement is required, the Court will return the case to active status on December 16, 2014, by directing the Clerk to reopen the case, reactivate the Motion for Leave to File an Interlocutory Appeal (Doc. # 3), and will direct DeMasi to respond to the merits of the Motion for Leave to Appeal within 14 days.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Plaintiff Ravi Kondapalli, M.D., individually, and Plaintiff Ravi Kondapalli, M.D., by and on behalf of Gulf Coast Digestive Health Center, PL's Motion for Leave to Appeal (Doc. # 3) is **HELD IN ABEYANCE.**

2. This case is **STAYED AND ADMINISTRATIVELY CLOSED** until and including **December 15, 2014.**

3. The parties are directed to file a status report on **December 15, 2014.** Unless the parties report that a further abatement is required, the Court will return the case to

active status on **December 16, 2014,** by directing the Clerk to reopen the case, reactivate the Motion for Leave to File an Interlocutory Appeal (Doc. # 3), and will direct DeMasi to respond to the merits of the Motion for Leave to Appeal within 14 days.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of October, 2014.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

Michael G. Wiliamson, United States Bankruptcy Judge
Clerk, U.S. Bankruptcy Court
Counsel of Record