UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
RONALD WILLIAM DEMASI and
SUSAN J. DEMASI,

                          Debtors.
_____/

RAVI    KONDAPALLI,    M.D.,
Individually and RAVI KONDAPALLI,
M.D., by and on behalf of GULF
COAST  DIGESTIVE  HEALTH  CENTER,
PL,

                          Plaintiffs,

v.                                Case No.  8:14-cv-2228-T-33
                                  Bankr. No.  8:13-bk-8406-MGW
                                  Adversary No. 8:13-ap-889-MGW

RONALD WILLIAM DEMASI and
SUSAN J. DEMASI,

                          Defendants.
_____/

**<u>ORDER</u>**

     This matter comes before the Court pursuant to Plaintiff
Ravi  Kondapalli,  M.D.,  individually,  and  Plaintiff  Ravi
Kondapalli, M.D., by and on behalf of Gulf Coast Digestive
Health Center, PL's Motion for Leave to Appeal. (Doc. # 3).
Kondapalli's  Motion  was  initially  filed  in  the  Bankruptcy
Court on August 6, 2014. The Motion was transmitted to this
Court on September 8, 2014.  On October 1, 2014, Defendant
Ronald William DeMasi filed a Response to the Motion for Leave
to  Appeal  in  which  he  requested  an  abatement  of  the
proceedings. (Doc. # 7).  On October 14, 2014, the Court
entered an Order staying the case and directing the parties to

each file a status report on December 15, 2014. (Doc. # 8).
On December 15, 2014, DeMasi filed a status report requesting
that the matter be stayed for an additional 60 days. (Doc. #
9). Kondapalli's status report, on the other hand, requested
that the Court return the case to active status. (Doc. # 10).
On December 18, 2014, the Court lifted the stay of the
proceeding and directed DeMasi to file a response to the
Motion for Leave to Appeal. (Doc. # 11).  On January 5, 2015,
DeMasi filed a response to the Motion for Leave to Appeal.
For the reasons that follow, the Court denies the Motion for
Leave to Appeal.

I.   **Background**

    A.   **Gulf Coast Digestive State Court Action**

    This action takes root in the Amended Final Judgment of
the Circuit Court of the Twelfth Judicial Circuit in and for
Sarasota County, Florida, entered on December 7, 2012. (Doc.
# 1-2 at 14-55).  According to the State Court Judgment,
Ronald DeMasi (a physician and member of Gulf Coast Digestive
Health Center, P.L. (hereafter, "Gulf Coast Digestive" or
"GCDH")) persuaded Gulf Coast Digestive to enter into a
management agreement with Surgical Synergies, Inc. in which
Surgical Synergies would furnish billing services for Gulf
Coast Digestive.  At that time, DeMasi was allegedly aware of

serious performance issues with Surgical Synergies (including unfavorable outside audits) but DeMasi did not share this information with the other members of Gulf Coast Digestive – rather, he incorrectly stated that Surgical Synergies was doing a good job.  The State Court found DeMasi had an undisclosed financial interest in a subsidiary of Surgical Synergies.   The   State   Court   concluded   that   DeMasi's undisclosed relationship with a subsidiary of Surgical Synergies led DeMasi to thwart Gulf Coast Digestive's efforts to terminate its management agreement with Surgical Synergies after Gulf Coast Digestive discovered billing discrepancies.

In   particular,   the   State   Court   found   that   DeMasi misrepresented to the other members of Gulf Coast Digestive that Surgical Synergies threatened to sue Gulf Coast Digestive if it terminated the management agreement with Surgical Synergies. The State Court ultimately concluded that DeMasi's undisclosed interest in Surgical Synergies's subsidiary and DeMasi's misrepresentations caused Gulf Coast Digestive to incur damages.

The State Court entered a final judgment in favor of Gulf Coast Digestive on its claims for breach of the duty of loyalty under Chapter 608 of the Florida Statutes, breach of the duty of care under Chapter 608 of the Florida Statutes,

breach of the duty of good faith under Chapter 608 of the
Florida Statutes, breach of Gulf Coast Digestive's operating
agreement, and fraud. The State Court initially awarded
$411,428.93 in damages. However, since the damages were for
the benefit of Gulf Coast Digestive, and DeMasi and Kondapalli
were the only two shareholders of Gulf Coast Digestive, the
State Court reduced the damages by one half – $205,714.47.
The State Court did not apportion damages between the
individual causes of action. On June 18, 2012, Kondapalli,
individually and by and on behalf of Gulf Coast Digestive,
filed a motion for attorney's fees and costs in State Court
pursuant to the terms of Gulf Coast Digestive's Operating
Agreement and § 608.601(6) of the Florida Statutes. On
October 1, 2014, the Second District Court of Appeal of
Florida affirmed the Amended Final Judgment in favor of
Kondapalli. (Doc. # 10-1).

### B.   The DeMasi Bankruptcy Case and Adversary Proceeding

As a result of the State Court Judgment, among other
reasons, DeMasi and his spouse filed a voluntary petition for
relief under Chapter 11 of the United States Bankruptcy Code
on June 26, 2013. (Case No. 8:13-bk-8406-MGW). Thereafter, on
September 9, 2013, Kondapalli, individually, filed a proof of
claim which asserts an unsecured claim (Claim 10) against the

Bankruptcy Estate in the amount of $379,586.12. DeMasi presumes the proof of claim is for attorney's fees incurred in the Gulf Coast Digestive State Court Action. (Doc. # 7 at 4).

On September 30, 2013, Kondapalli initiated an adversary proceeding against DeMasi by filing a Complaint to Determine Non-Dischargeability of Debtor Ronald DeMasi pursuant to 11 U.S.C. § 523(a)(2), (4) and (6) (Adv. No. 8:13-ap-889-MGW). Kondapalli asserted that the following claims were nondischargeable in bankruptcy:

> Kondapalli, by and on behalf of GCDH, holds a liquidated claim for damages against the estate in the amount of $205,714.47, and an unliquidated claim for damages against the estate in at least the amount of $361,698.77, plus prejudgment interest. Kondapalli, individually and by and on behalf of GCDH holds an unliquidated claim against the estate for attorney's fees and costs.

(Doc. # 3 at 3).

On November 4, 2013, DeMasi filed a Motion to Dismiss the Adversary Proceeding, asserting, among other things, that any attorney's fees claimed by Kondapalli were discharagable in bankruptcy. (BR Doc. # 7). On December 2, 2013, the Bankruptcy Court conducted a hearing on the Motion to Dismiss. (BR Doc. # 15). On June 20, 2014, the Bankruptcy Court entered an Order dismissing the nondischargeability action to the extent it is based on the claim of Kondapalli, individually and by

and on behalf of Gulf Coast Digestive, for attorney's fees and costs. (BR Doc. # 26).  The Bankruptcy court also determined that Kondapalli failed to state a claim under sections 523(a)(4) and (6) of the Bankruptcy Code and dismissed those counts of the Adversary Complaint in their entirety. (Id.). According to Kondapalli, "the Order had the effect of denying Kondapalli's _entire_ individual claim." (Doc. # 3 at 3) (emphasis in original).  On June 27, 2014, Kondapalli filed a Motion for Rehearing. (BR Doc. # 28). At a hearing held on July 7, 2014, the Bankruptcy Court denied the Motion for Rehearing. (BR Doc. # 32).

On August 6, 2014, Kondapalli filed a Motion for Leave to File an Interlocutory Appeal. (BR Doc. # 39). He frames the issues as (1) "whether a member's claim for attorney's fees incurred as a result of prosecuting a member's derivative action under Section 608.601, Florida Statutes, may be nondischargeable under 11 U.S.C. § 523(a)(2)(A) where the derivative action arises out of fraud by the debtor" and (2) "whether a member's or limited liability company's claim for attorney's fees awardable as a prevailing party pursuant to the terms of the company's operating agreement may be nondischargeable under 11 U.S.C. § 523(a)(2)(A) when the breach of the operating agreement is by acts of fraud by the

debtor." (Doc. # 3 at 4). Kondapalli seeks an Order from this Court "(1) to reverse the bankruptcy court's Order on Defendant's Motion to Dismiss to the extent it dismisses Kondapalli's complaint to determine the nondischargeablity of Kondapalli's claim for attorney's fees and costs incurred in the GCDH Litigation; and (2) hold as a matter of law that the claims, if proved, are not dischargeable." (Id.).

## II.  Interlocutory Appeals from the Bankruptcy Court

A district court has jurisdiction to consider interlocutory appeals from the orders of a bankruptcy court if the district court grants leave.  28 U.S.C. § 158(a)(3). Because the statute does not provide criteria for determining whether a district court should exercise its discretionary authority to grant leave, courts look to 28 U.S.C. § 1292(b), which governs discretionary interlocutory appeals from the district courts to the courts of appeals.  In re The Charter Co., 778 F.2d 617, 620 at n.5 (11th Cir. 1985).

The pertinent factors under 28 U.S.C. § 1292(b) are whether the order involves a controlling question of law as to which there is substantial ground for difference of opinion and whether an immediate appeal from the order may materially advance the ultimate termination of the litigation. McFarlin v. Conseco Servs., 381 F. 3d 1251, 1264 (11th Cir. 2004).

However, even when these factors are present, whether to grant or deny leave to appeal is within the sound discretion of the district court, and leave should be granted only in exceptional circumstances. Id. As stated in Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978), the moving party has "the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment" and "district courts should allow interlocutory bankruptcy appeals sparingly since interlocutory bankruptcy appeals should be the exception, not the rule." In re Lorenzo, No. 13-23688, 2014 U.S. Dist. LEXIS 8820, at *5 (S.D. Fla. Jan. 24, 2014).

## III. **Analysis**

### A.   **Controlling Question of Law**

In McFarlin, the Eleventh Circuit specified that the "question of law used in § 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." 381 F.3d at 1258. Further, a § 1292(b) "question of law" is not "the application of settled law to fact" or "any question the decision of which requires rooting through the record in search of the facts." 381 F.3d at 1258. Instead, the McFarlin court clarified,

-8-

"what the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of pure law, matters the court of appeals can decide quickly and cleanly without having to study the record." 381 F.3d at 1258 (internal citations and quotation marks omitted).

The fact-intensive nature of the issues presented precludes any conclusion that there is a "controlling question of law" to be decided.  It should be noted that this appeal involves complex factual allegations that are arrayed in state court, a pending bankruptcy case, and no less than three related adversary proceedings.[1]  This Court accordingly cannot evaluate the arguments asserted "quickly and cleanly" without delving into the record.  After due consideration, the Court determines that Kondapalli has failed to present a controlling question of law for this Court's determination.

**B.   Substantial Ground for Difference of Opinion**

In addition, Kondapalli has not persuaded the Court that there is a substantial ground for difference of opinion regarding the dischargeability of attorney's fees under § 523

---

[1] The Court notes that, in addition to the adversary proceeding in which this appeal arises (8:13-ap-889-MGW) there are presently at least two other adversary proceedings related to the DeMasi Bankruptcy case, with intertwined factual allegations. (See 8:13-ap-858-MGW and 8:13-ap-890-MGW).

of the Bankruptcy Code.  As stated in <u>Figueroa v. Wells Fargo
Bank, N.A.</u>, 382 B.R. 814, 824 (S.D. Fla. 2007), "to satisfy
the second element, [a]ppellant must show that at least two
courts interpret the relevant legal principle differently."
Here, in an effort to demonstrate that a substantial ground
for difference of opinion exists, Kondapalli references <u>Cohen
v. de la Cruz</u>, 523 U.S. 213 (1998), <u>USAA Casualty Insurance
Co. v. Auffant</u>, 268 B.R. 689 (Bankr. M.D. Fla. 2001), and
<u>Florida Cardiology, P.A. v. Al-Suleiman</u>, 461 B.R. 893 (Bankr.
M.D. Fla. 2011).  However, Kondapalli has not provided any
analysis as to why these opinions are in discord with Judge
Williamson's challenged order.   Without more, the Court
determines that the cases Kondapalli references do not
establish a substantial ground for difference of opinion with
respect to the manner in which Judge Williamson decided the
issues in the challenged order.

    **C.**    <u>**Material Advancement of the Litigation**</u>

As a final consideration, the Court does not find that
allowing an interlocutory appeal will advance the ultimate
resolution of the litigation.  In <u>Figueroa</u>, 382 B.R. at 825,
the court explained that "the third requirement for granting
leave to appeal is met if resolution of the controlling
question of law substantially reduces the amount of litigation

left in the case." And, "the most compelling grounds for granting interlocutory appeals exist when reversal of the issue on appeal would dispose of the entire bankruptcy case." Id.

There is no indication that resolution of the issues raised by Kondapalli at this juncture will dispose of, or significantly advance the resolution of, the entire bankruptcy case or any adversary proceeding. As stated in Figueroa, "Interlocutory review is generally disfavored for its piecemeal effect on cases." Id. at 823. The Court declines to further protract these proceedings by allowing an interlocutory appeal. Thus, the request for leave to appeal is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1.   Plaintiff Ravi Kondapalli, M.D., individually, and Plaintiff Ravi Kondapalli, M.D., by and on behalf of Gulf Coast Digestive Health Center, PL's Motion for Leave to Appeal (Doc. # 3) is **DENIED.**

2.   The appeal is therefore **DISMISSED** as leave was not granted and the Court otherwise lacks jurisdiction to hear the appeal.  The Clerk shall enter Judgment accordingly and **CLOSE THIS CASE.**

3.   The Clerk shall transmit a certified copy of this Order to the United States Bankruptcy Court Clerk's Office.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of February, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
Michael G. Williamson, United States Bankruptcy Judge
Clerk, U.S. Bankruptcy Court
Counsel of Record